UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRISTAR PRODUCTS, INC. et al., | : | Civil Action No. 13-7752 (ES)(MAH) |
| Plaintiffs, | : | |
| v. | : | |
| NATIONAL EXPRESS, INC. et al., | : | |
| Defendants. | : | |
| TELEBRANDS CORP., | : | Civil Action No. 15-3163 (ES) (MAH) |
| Plaintiff, | : | |
| v. | : | |
| RAGNER TECHNOLOGY CORPORATION, et al., | : | |
| Defendants. | : | |
| RAGNER TECHNOLOGY CORPORATION, et al., | : | Civil Action No. 15-8185 (ES) (MAH) |
| Plaintiffs, | : | |
| v. | : | |
| TELEBANDS CORPORATION, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| **TELEBRANDS CORP.,** | : | Civil Action No. 16-3594 (ES) (MAH) |
| Plaintiff, | : | |
| v. | : | |
| **RAGNER TECHNOLOGY CORPORATION, et al.,** | : | |
| Defendants. | : | |
| **TELEBRANDS CORP.,** | : | Civil Action No. 16-3474 (ES) (MAH) |
| Plaintiff, | : | |
| v. | : | **AMENDED ORDER** |
| **RAGNER TECHNOLOGY CORPORATION, et. al.,** | : | |
| Defendants. | : | |

This matter having come before the Court on the request of Telebrands Corp., Bulbhead.com, LLC (collectively, "Telebrands Defendants"), National Express, Inc., E. Mishan & Sons, Inc. and DAP Products, Inc. (all Defendants collectively, "Defendants") to stay these consolidated actions[1] due to the U.S. Patent and Trademark Office's ("PTO's") April 28, 2022

---

[1] The procedural histories of these actions are extensive and complex. Because this Court writes predominantly for the parties, the Court sets forth only those facts necessary for resolution of the instant request to stay these actions.

The consolidated actions contain patent infringement, invalidity, unenforceability, and non-infringement claims against U.S. Patent Nos. 7,549,448 ("the '448 patent"), 9,022,076 ("the '076 patent"), 9,371,944 ("the '944 patent"), and 9,182,057 ("the '057 patent"), which relate to expandable hose technology.

On March 28, 2022, Telebrands sought ex parte reexamination of the '448 patent pursuant to 35 U.S.C. §§ 302-307 and 37 C.F.R. §1.510, arguing that "a substantial new question

2

Order Granting *Ex Parte* Reexamination ("Reexamination Order") of the '448 patent, [D.E. 366];[2]

and Defendants arguing that the Court should stay these matters pending resolution of the reexamination proceedings because "a stay would significantly simplify the issues before the Court, is appropriate considering the status of the case, and would not unduly prejudice Plaintiffs," [*id.*];[3]

---

of patentability exists at least with respect to claims 1-3,13-15, 18, 19, 26 and 27 of U.S. Patent No. 7,549,448 in view of Negishi, Becker, Schoellhorn, and Corallo, as applied independently and/or in combinations." Exh. B to the Telebrands Defendants' Apr. 28, 2022 Letter, Reexamination Request, D.E. 362-2. Negishi, Becker, Schoellhorn, and Corallo refer to the following prior art references: U.S. Patent No. 5,079,999 ("Negishi"); U.S. Patent No. 5,678,596 ("Corallo"); WIPO Int'l Pub WO 01/27582 ("Becker"); and U.S. Patent No. 6,607,009 ("Schoellhorn," collectively "EPR References"). *Id.* at 1. In support of their ex parte reexamination request, the Telebrands Defendants maintained that Negishi, Schoellhorn, and Corallo were not cited during the prosecution of the '448 patent. *Id*. at 3-4. They further contended that while Becker was cited during the prosecution of the '448 patent, "applicant's arguments focused on one embodiment of Becker, and failed to consider additional teachings of Becker and the reference as a whole." *Id.* at 4. On April 28, 2022, the U.S. Patent and Trademark Office ordered reexamination of the '448 patent. Exh. A to the Telebrands Defendants' Apr. 28, 2022 Letter, Reexamination Order, D.E. 362-1.

The Telebrands Defendants filed a letter notifying the Court that the PTO instituted ex parte reexamination proceedings on April 28, 2022, and it was the subject of the April 29, 2022 telephone status conference with the Undersigned. Letter, D.E. 362; Transcript of 4/29/2022 conference, D.E. 365. At the conclusion of that conference, this Court entered an Order directing the parties to file letters setting forth their respective positions on Defendants' request for a stay. Text Order, D.E. 364. On May 16, 2022, Defendants filed a request to stay these matters pending resolution of the ex parte reexamination proceedings and Tristar Products, Inc. and Ragner Technology Corporation (collectively, "Plaintiffs") filed a letter opposing any stay. Def.s' Letter, D.E. 366; Pl.s' Letter, D.E. 367.

[2] As *Tristar Products, Inc. v. National Express, Inc.*, 13-7752 (ES), is the lead case in these five consolidated actions, all citations herein are to the docket in 13-7752 (ES).

[3]  Defendants argue that the PTO is likely to invalidate the asserted claims of the '448 patent, "thus resolving a significant number of issues for the Court that will narrow the proceedings and potentially lead to a resolution of the remaining issues in the case." Def.s' Letter, D.E. 366, at 1.

Defendants contend that because "the reexamination is directed to *all* of the claims of

the '448 patent asserted against Defendants in the Consolidated Actions . . ., the '448 patent is not likely to survive reexamination with the claims uncancelled or unamended." *Id.* at 2. Citing PTO statistics, Defendants argue that in 80% of all reexaminations claims are either amended or cancelled. *Id.*; *see also* Ex. C, PTO *Ex Parte* Reexamination Filing Data Sept. 30, 2020, D.E. 366-3. Defendants maintain that the PTO is even more likely to cancel or amend the claims of the '448 patent because "the PTO has found *three* separate *substantial* new questions of patentability based on distinct prior art applications or combinations, which were not previously raised in the Consolidated Actions." *Id.* Defendants aver that because the '448 patent is the oldest and most significant of the patents-in-suit and, by Plaintiffs' own account, comprises a significant portion of Plaintiffs' damages, reexamination of the '448 patent will have a substantial impact on these cases and a stay is warranted. *Id.*; *see also* Ex. A, Transcript of 4/29/22 Status Conference, D.E. 365, at 14-15.

Defendants maintain that both the requests for reexamination and for a stay were brought in a timely manner. Def.s' Letter, D.E. 366, at 4. Defendants assert that their request for reexamination is timely because Telebrands made the request before the '448 patent expires in November 2022, and they only recently discovered the prior art references which form the basis of the reexamination. *Id.* With respect to the stay, Defendants sought a stay of this litigation immediately after the PTO entered its Reexamination Order, which itself was issued within one month of Telebrands seeking reexamination. *Id.*

Defendants allege that the status of both the reexamination and the instant litigation favors a stay. *Id.* at 6, 10. According to Defendants, the PTO's statistics reveal that it takes an average of 15 months for issuance of a reexamination certificate. *Id.* at 6. Defendants posit that this is but a short window of time given the amount of work and time involved in *Markman* proceedings, which might be alleviated as a result of the PTO's reexamination. *Id.* Defendants also contend that a stay is appropriate because the Court has not yet scheduled a *Markman* hearing, and the parties have not yet filed their joint *Markman* claim construction statement and briefs. *Id.* at 10. Discovery is ongoing and discovery does not end until 60 days after the Court issues a *Markman* decision. *Id.* No trial date has been set. *Id.*

Moreover, Defendants assert that the relationship of the parties favors a stay. Defendants maintain that Plaintiffs have not been prejudiced during the more than eight years that these actions have been pending due to the status quo between the parties, something which is not likely to change due to another short stay. *Id.* at 6. The expandable hoses' market is crowded with many sellers so Plaintiffs can only "vaguely claim that they have lost market share and goodwill" and any prejudice can be ameliorated by damages. *Id.* at 6-7.

Finally, Defendants argue that a stay will simplify the issues for the Court because the Court will benefit from the reexamination. *Id.* at 8. For example, even if the PTO invalidates only some of the claims of the '448 patent, that will reduce the burden on the Court as there will be fewer terms for claim construction. *Id.* This is significant because currently about half of the claim terms to be construed derive from the '448 patent. *Id.* Additionally, Defendants assert that:

> the construction of the claim terms of the other patents-in-suit are

4

and Plaintiffs opposing the request, arguing that a stay of this case will prejudice them, will not simplify the issues, and discovery is substantially complete, [D.E. 367];[4]

> implicated by the '448 patent and the common evidence cited in connection with the claim construction of all the patents. In addition to the obvious fact that the claim constructions for the '448 patent and three other patents-in-suit are intertwined because the patents are related and share significant portions of their specifications . . ., Plaintiffs here have cited *substantial* overlapping evidence between the patents-in-suit for the same or similar terms to support their proffered claim constructions.

*Id.* (citing Joint Claim Construction Stmt., D.E. 199, Exs. 4 & 6).

[4] Plaintiffs argue that a stay is not warranted because a stay would reward Defendants for their inexcusable delay and would prejudice Plaintiffs. Plaintiffs also contend that the parties have completed substantial discovery, and a stay will not simplify issues or promote judicial efficiency. Pl.s' Letter, D.E. 367, at 2-10.

Plaintiffs argue that Telebrands first initiated a claim that the '448 claim was invalid in January 2016 and had nearly six years to seek reexamination of the patent before the Patent Office. *Id.* at 2-5. Plaintiffs maintain that Telebrands waited until the eve of claim construction to do so even though it could have sought reexamination much sooner, and notably, through a 2.5 year stay during which the parties attended mediation. *Id.* at 2-3. Plaintiffs avow that because Telebrands provides no justification for this lengthy delay, any assertion of good faith by Telebrands must be negated and a stay must be denied. *Id.* at 3-4. Plaintiffs also affirm that Telebrands cannot justify its delay because Telebrands should have discovered the prior art references which are the subject of the instant reexamination when preparing its invalidity contentions in 2018. *Id.* at 4.

Additionally, Plaintiffs maintain that because the parties are direct competitors, the Court should "'presume that a stay will prejudice' Plaintiffs and find that this 'prejudice is heightened.'" *Id.* at 6. Plaintiffs also assert that they will be unduly prejudiced if a stay is granted because a stay would delay both claim construction and resolution of these cases. *Id.* Furthermore, a stay in these already old cases will cause memories to fade further hampering Plaintiffs' ability to present their case. *Id.*

Plaintiffs further argue that the stage of litigation of these consolidated actions weighs against a stay. *Id.* at 7. Written discovery and document production are largely complete. The deadline to raise discovery disputes has long since passed. *Id.* The only remaining discovery "relates to party depositions, and limited written discovery and supplemental production relating to damages for the recent 2.5-year stay period." *Id.* Thus, a stay here is inappropriate.

Finally, Plaintiffs aver that a stay will not simplify the issues before the Court because there are three other patents-in-suit that will not be affected by the EPR. *Id.* at 7-10. Moreover,

and the Court observing that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936);

and the Court noting that the party requesting the stay bears the burden of demonstrating to the Court that its exercise of discretion in granting a stay is justified, *Nken v. Holder*, 556 U.S. 418, 433-34 (2009);

and the Court recognizing that a stay pending reexamination is favored and commonplace, *Industrial Tech. Res. Inst. v. LG Elecs. Inc*, No. 12-949 (ES), 2013 WL 5180108 (D.N.J. Sept. 12, 2013);

and the Court further noting that in deciding whether to stay a matter pending reexamination, it must consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Stryker Trauma S.A. v. Synthes (USA)*, No. 01-3879, 2008 WL 877848, at *1 (D.N.J. Mar. 28, 2008) (quoting *Xerox Corp. v. 3Com Corp.*, F. Supp. 2d 404, 406 (W.D.N.Y. 1999));

---

"there is no dispute that many other patent and non-patent issues before this Court cannot be affected by the outcome of the EPR involving a single asserted patent." *Id.* at 10. A stay even as to the '448 patent itself in unwarranted because "simplification is speculative at best" because "the USPTO almost *always* orders reexamination, regardless of the prior art's strength, and institution of this reexamination provides no indication that any claim—let alone all claims—will be canceled or substantively amended." *Id.*

and the Court finding that Defendants have demonstrated good cause to stay these actions pending reexamination proceedings;[5]

---

[5] The Court finds that a stay is appropriate here because it will not unduly prejudice Plaintiffs or present Defendants with a clear tactical advantage, it will simplify the issues before the Court, and discovery has not been completed and no trial date has been set.

The Court concludes that a stay would not disadvantage or prejudice Plaintiffs sufficient to deny Defendants' request for a stay. Rather, it would assist the parties by potentially resolving certain issues and claims of the '448 patent before the parties engage in lengthy and costly *Markman* briefing and the *Markman* hearing, completion of discovery, dispositive motions, and trial. The Court fails to see how waiting another fifteen months until the PTO completes its reexamination would unduly prejudice Plaintiffs. Indeed, the stay might spare them work and expense. Given that the PTO has decided to reexamine every claim of the '448 patent at issue here, it is likely that at least some of those claims will be amended, if not cancelled. What is likely to happen, if this Court were to deny the stay request, as Plaintiffs urge, is that the Court will set a *Markman* briefing schedule, hold a *Markman* hearing, and issue a decision only to have the PTO cancel or amend some or all of the claims of the '448 patent, requiring the parties and the Court to revisit *Markman*. Thus, the Court does not find that the stay and attendant delay of the resolution of this case will prejudice Plaintiffs.

The Court also is not persuaded by Plaintiffs' argument that the parties are direct competitors and thus, Plaintiffs will be prejudiced by a stay. As Defendants observe, the expandable hose market is "crowded with many sellers," yet Plaintiffs never sought a preliminary injunction in these actions to preserve its place in the market. Def.s' Letter, D.E. 366, at 6. Moreover, at least with respect to Telebrands, the entity Defendants claim has the largest share in the expandable hose market, Plaintiffs did not add its patent infringement claims against it until several years after the earliest action commenced. *Id.* Most importantly, however, there is no reason to believe that if Plaintiffs sustain any loss of goodwill or profits because of the stay, that Plaintiffs cannot be fully compensated via damages at the conclusion of the litigation. *See, e.g., Gesture Technology Partners, LLC v. LG Electronics Inc.*, No. 21-19234 (JMV) (MAH), 2022 WL 1002101, at *6 (D.N.J. Apr. 4, 2022) *(*"any prejudice suffered as a result of a delay in the proceedings can be remedied by monetary damages."); *see also Batinkoff v. Church & Dwight Co*., No. 18-16388 (BRM) (LHG), 2020 WL 5627252, at *2 (D.N.J. Sept. 21, 2020) (granting a stay for reexamination where "Plaintiffs here have not alleged any specific economic harm beyond the generalized loss of a 'market that should have belonged exclusively to Plaintiffs.'").

The Court also concludes that a stay will not prejudice Plaintiffs because Telebrands sought reexamination of the '448 patent before the expiration of the patent and once it discovered new prior art. *See* 35 U.S.C. § 302. Defendants also sought a stay in a timely manner as the Telebrands Defendants requested a stay during the April 29, 2022 telephone conference, just one day after the PTO entered its Reexamination Order. Transcript of 4/29/2022 conference,

7

D.E. 365, at 8. Accordingly, the Court finds that Plaintiffs will not be prejudiced or be tactically disadvantaged by a stay.

Turning to the next factor, the Court finds that a stay would also simplify the issues in this case, or potentially eliminate entirely those associated with the '448 patent. The benefits of staying this litigation pending the PTO's reexamination outweigh the burdens of waiting for the PTO's reexamination decision. As already noted above, the PTO's decision will potentially alter the dynamics of these proceedings, and concomitantly, *Markman*, the remaining discovery, dispositive motions, and trial. The advantages of staying this litigation both for the Court and the parties is clear. A stay will likely avoid duplicate work, narrow the scope of the litigation, and focus the remaining discovery.

The Court disagrees with Plaintiffs' assertion that Defendants' request to stay this entire litigation based on the reexamination of only one of the four patents-in-suit is overbroad. It is clear to the Court from a review of the parties' Joint Claim Construction Statement that the patents-in-suit are all interrelated, share substantial portions of their specifications, and Plaintiffs have cited significant overlapping evidence for the terms of the patents-in-suit to support their proposed claim constructions. *See* Joint Claim Construction Stmt., D.E. 199, Exs. 4 & 6. A partial stay of the instant litigation makes little practical sense. Neither does requiring the Court to conduct *Markman* twice, as any outcome by the PTO could require the Court to construe the claim terms twice. Due to the interrelatedness of the patents, the Court would have to construe the claims a second time if any claim of the '448 patent is either amended or cancelled. *See Gesture Technology*, 2022 WL 1002101, at *5 ("It is well settled that 'issue simplification' does not require a complete invalidation of all claims in the IPR [reexamination] proceedings."). The Court can see no benefit to undertaking *Markman* now simply to have to redo it once the PTO has completed the ex parte reexamination. *See Industrial Tech. Res. Inst. v. LG Elecs. Inc.*, No. 12-949 (ES), 2013 WL 5180108, at * (D.N.J. Sept. 12, 2013) (A stay "preempts the Court from having to revisit its construction of disputed terms from the '198 patent in view of reexamination amendments . . . and/or reexamination arguments.). Accordingly, the Court finds that a stay would simplify the issues in this case.

Finally, the Court concludes that the status of the instant proceedings warrants a stay. While substantial discovery is complete, party depositions and supplemental productions related to damages remain to be completed, discovery does not close until sixty days after the Court issues its *Markman* decision. *Markman* has not been scheduled yet, the parties have not submitted their *Markman* briefs, and no trial date has been set. *See Gesture Technology*, 2022 WL 1002101, at *6 ("In addition, no depositions have been conducted, claim construction has not been scheduled, and no trial date has been set."). While these cases are old due to other stays previously entered and the complexity of these cases, the proceedings are not so advanced to render a stay inappropriate. This is especially true here where, as noted above, declining to enter a stay likely would result in the Court having to revisit its claim construction decision. Thus, the Court finds the status of this case renders a stay appropriate.

Therefore, the Court finds that all factors have been satisfied, and thus, a stay of these proceedings pending PTO reexamination is appropriate.

**IT IS on this 5th day of July, 2022,**

**ORDERED** that the request to stay, D.E. 366, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall **administratively terminate** Defendants' motions to exclude the declaration of Plaintiffs' purported expert, Dr. Richard Lueptow, from the claim construction proceedings **in 13-7752, D.E. 341 & 345, in 15-3163, D.E. 192, in 15-8185, D.E. 234, 16-3594, D.E. 176, and in 16-3474, D.E. 209**; and it is further

**ORDERED** that the Clerk of the Court shall **administratively terminate** Defendants' motions to amend their pleadings to add affirmative defenses and allegations concerning the '560 Patent and the covenant not to sue **in 13-7752, D.E. 368, in 15-3163, D.E. 212, in 15-8185, D.E. 259, 16-3594, D.E. 196, and in 16-3474, D.E. 234**; and it is further

**ORDERED** that the Clerk of the Court shall also **administratively terminate** Plaintiffs' motions to dismiss **in 15-8185, D.E. 240, and in 16-3474, D.E. 216**; and it is further

**ORDERED** that the Clerk of the Court shall **administratively terminate** the Telebrands Defendants' motions for reconsideration **in 15-8185, D.E. 237, and in 16-3474, D.E. 212**; and it is further

**ORDERED** that within seven days of resolution of the reexamination proceedings the parties shall file a joint status report which includes suggested dates for the remainder of the tasks in these matters.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**