<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAGNER TECHNOLOGY CORP., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>TELEBRANDS CORP.,<br><br>    Defendant. | Case No. 15-8185 (EP) (MAH) |
| TELEBRANDS CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>RAGNER TECHNOLOGY CORP., *et al.*,<br><br>    Defendants. | Case No. 16-3474 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

    The disputes between these parties span multiple years, lawsuits, and jurisdictions. This Consolidated Action originated when Plaintiffs Ragner Technology Corp. ("Ragner"), who asserted its ownership of a series of patents related to expandable hose technology, and Tristar Products, Inc. ("Tristar"), the exclusive licensee of those patents, brought related patent infringement claims against Telebrands Corporation ("Telebrands") and Bulbhead.com, LLC ("Bulbhead"). No. 15-8185, D.E. 106 ¶ 1. Although there were five cases in this Consolidated Action, currently only two survive. Pending now before the Court are Telebrands's Appeals of the Hon. Michael Hammer, U.S.M.J.'s discovery order in the two surviving cases, ordering that it produce "complete and unredacted copies of any agreements between Telebrands and Ragner Technology Corporation that transfer ownership of the asserted patents, as well as any related

documentation relating to those agreements." Nos. 15-8185, D.E. 301 at 3, 16-3474, D.E. 275 at 3 (the "Order").[1] Nos. 15-8185, D.E. 308 ("'15 Appeal"); 16-3474, D.E. 282 ("'16 Appeal") (together, the "Appeals"). The Court decides the Appeals without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Having considered the Appeals and all relevant items on the docket, and for the reasons set forth below, the Court will **DENY** the Appeals and **AFFIRM** Judge Hammer's Order.

I.  BACKGROUND

As the Court writes primarily for the parties, who are familiar with the convoluted background of this case, the below summary is abbreviated and tailored to facts relevant to the Appeals.

Ragner is the owner of the patents-in-suit, which relate to expandable hose technology. No. 15-8185, D.E. 185 at 2. Tristar, as the exclusive licensee of the patents-in-suit, sells expandable hoses incorporating the technology under the brand name "FLEX-ABLE HOSE." *Id.* Telebrands, a marketing company that sells consumer products, sells expandable hoses under the brand "POCKET HOSE" and is the exclusive licensee of a patent directed to expandable hose technology. No. 16-3474, D.E. 155 at 2. On July 6, 2018, Ragner and Tristar brought patent infringement claims and four claims based on unfair competition laws against Telebrands and Bulbhead. No. 15-8185, D.E. 180 at 2. In its counterclaims, Telebrands seeks declaratory judgment that the patents-in-suit are invalid and that Telebrands has not infringed on any of them. *Id.* at 3. On July 9, 2018, Telebrands initiated another action seeking the same relief asserted in its

---

[1] That order is consistent with Judge Hammer's oral opinion delivered on the record on June 3, 2024.

counterclaims.  No. 16-3474, D.E. 155 at 2.  Ragner and Tristar brought patent infringement counterclaims as well as counterclaims based on unfair competition laws in that action.  *Id.* at 3.

Then the sides of the "v." became more complicated.  In an update to the Court, Telebrands averred that *it* was the "owner of the Ragner patents-in-suit" and "submitted proposed amendments cancelling all remaining claims of the four Ragner patents to advance the reexamination proceedings [of the U.S. Patent & Trademark Office]."  No. 13-7752, D.E. 433 at 2.  It maintained that as the patent owner, standing issues existed with respect to Tristar's claims.  *Id.* at 3.  The patent assignment was purportedly based on an October 2022 agreement between Telebrands and Ragner (the "Agreements").  No. 13-7752, D.E. 440 at 4.  This meant that per an agreement executed by one of the co-Plaintiffs and a Defendant, some of the very claims initiated by that co-Plaintiff "w[ould] be," according to that Defendant, "rendered moot."  No. 13-7752, D.E. 433 at 3.  Tristar sought the Agreements in response, arguing that "Telebrands should not be permitted to strike a secret deal with Ragner to purportedly acquire the asserted patents, and then use that agreement to attempt to dispose of a number of the claims against it[.]"  No. 13-7752, D.E. 440 at 1.

Among other reasons, Tristar argued the Agreements were relevant under Fed. R. Civ. P. 26 because (1) Telebrands previously sought all documents related to the ownership and acquisition of the patents-in-suit; (2) they would shed light on representations Ragner made regarding its rights to the asserted patents; and (3) the Agreements are relevant to damages issues, particularly because Tristar's tortious interference and unfair competition claims "implicate the agreement because it would be probative of when Telebrands acquired the right to assert the patents."  '15 Appeal, Ex. A, 3:15-5:11 ("Oral Op. Tr.").

3

Judge Hammer found that the Agreements were plainly discoverable, "[m]ost fundamentally, the agreements assigning or affecting ownership of the very patents asserted in this litigation are, by definition, relevant." *Id.*, 9:22-10:1. He also found the Agreements were relevant to the tortious interference and unfair competition claims—specifically, on damages—because there is a dispute over whether the assignments to Telebrands were valid and the terms of the Agreements and related communications "are likely to shed light on the scope of the rights assigned to Telebrands[.]" *Id.*, 10:22-23. The Appeals followed.

## II.    PROCEDURAL HISTORY

In December 2024, Judge Hammer issued a consolidated Report and Recommendation ("R&R"), recommending that the District Court dismiss all claims and counterclaims in cases Nos. 13-7752, 15-3163, and 16-3594; as well as counts I-IV and counterclaims IXI in case No. 15-8185 and counts I-XI and counterclaims I-IV in case No. 16-3474 as moot. No. 15-8185, D.E. 320 at 2. This Court adopted the R&R and ordered the parties to direct the Court to the operative pleadings in cases Nos. 15-8185 and 16-3474 and detail to the Court the surviving claims in those cases. *Id.* at 5.

Per the parties' Court-ordered update, the remaining claims in this case are as follows:

**No. 15-8185**

- Count V: False Advertising and Unfair Competition (Lanham Act, 15 U.S.C. § 1125(a));

- Count VI: Unfair Competition (N.J. Stat. Ann. § 56:4-1 *et seq.*);

- Count VII: Tortious Interference with Prospective Business Advantage; and

- Count VIII: Common Law Unfair Competition.

No. 16-3474

- Counterclaim V: False Advertising and Unfair Competition (Lanham Act, 15 U.S.C. § 1125(a));

- Counterclaim VI: Unfair Competition (N.J. Stat. Ann. § 56:4-1 *et seq.*);

- Counterclaim VII: Tortious Interference with Prospective Business Advantage; and

- Counterclaim VIII: Common Law Unfair Competition.

No. 16-3474, D.E. 293.

Telebrands now argues that Judge Hammer's Order was clearly erroneous and contrary to law because at the time of its issuance, all patent infringement and patent-related causes of action, "as a result of the cancellation of the asserted patents by the USPTO, must be dismissed in the Consolidated Actions." '15 Appeal at 1. It also contests Judge Hammer's finding of relevance based on a damages inquiry because the bases for the tortious interference and unfair competition claims concern Telebrands's commercial advertisements and an alleged failure to return a hose prototype. *Id.* at 6-7. Tristar opposes. Nos. 15-8185, D.E. 310 ("'15 Opp'n"), 16-3474, D.E. 284 ("'16 Opp'n"). Telebrands replies. Nos. 15-8185, D.E. 311 ("'15 Reply"), 16-3474, D.E. 285 ("'16 Reply").

III. **LEGAL STANDARD**

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). In considering an appeal of a non-dispositive order by a magistrate judge, a district court will normally modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

"A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left

with the definite and firm conviction that a mistake has been committed.'" *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (quoting *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The appealing party bears the burden of establishing that the magistrate judge's decision was clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

## IV.     ANALYSIS

"Particular deference is accorded to magistrate judges on discovery issues." *Costa v. Cnty. of Burlington*, 584 F. Supp. 2d 681, 684 n.2 (D.N.J. 2008) (citing *Boody v. Twp. of Cherry Hill*, 997 F. Supp. 562, 573 (D.N.J. 1997)). Indeed, when the magistrate judge has "ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). The scope of permissible discovery is broad. Fed. R. Civ. P. 26(b)(1), the rule at issue in these Appeals, states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Telebrands has not persuaded this Court that based on the broad scope of discovery under the Federal Rules of Civil Procedure, Judge Hammer abused his discretion, nor that the Order is clearly erroneous or contrary to law.

Telebrands first argues that Judge Hammer erred in finding the Agreements relevant to now-mooted patent-related claims and contests his consideration of Telebrands's previous demand for patent-related documentation from Tristar as misplaced. '16 Appeal at 6. Tristar rebuts that even if those claims are mooted, whether Telebrands's conduct in procuring cancelation of the patents was improper is relevant to fees or costs. '16 Opp'n at 7. In Reply, Telebrands argues that an anticipated motion for attorneys' fees does not concern a party's claim or defense and therefore cannot constitute a basis for relevance. '16 Reply at 5. However, as Judge Hammer noted, Rule 26 is broadly construed to "'encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Oral Op. Tr., 9:5-8 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). More to the point, the Court agrees that the Agreements are relevant given Telebrands's seeming desire to use them as both a sword and a shield. The Agreements are relevant enough, Telebrands says, to demonstrate Tristar's purported lack of standing, but irrelevant because the Agreements deprived Tristar of standing. Telebrands cannot have it both ways.

Telebrands also argues that the Agreements were not relevant prior to the cancelation of the asserted patents and claims because Tristar's license to the Ragner patents was terminated on August 11, 2022, prior to Telebrands and Ragner's entry into a business arrangement. '15 Appeal at 8. However, as Judge Hammer noted, "Tristar disputes the validity of the termination" and the assignments at issue "were not executed or recorded with the Patent Office until September 2023," despite purportedly deriving from an October 2022 agreement. Oral Op. Tr., 10:12, 11:5-7. The

Court agrees with Judge Hammer that the scope of the assignments is relevant. *Id.*, 11:7-14. More aptly, the Court does not find Telebrands's disagreement with Judge Hammer over the broad reach of relevant discovery to be an abuse of discretion where, as here, deference is "especially appropriate" given Judge Hammer "has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (cleaned up).

Telebrands further contends that Judge Hammer's Order was contrary to law and clearly erroneous because it believes the Agreements are irrelevant to Tristar's claims for tortious interference and unfair competition. '15 Appeal at 6. Specifically, Telebrands argues that Tristar's pleadings are limited to allegations that Defendants made misleading commercial advertising and promotional claims regarding the Pocket Hoses and that Telebrands improperly obtained Ragner's prototype and refused to return it. *Id.* at 7 (citing 15-8185, D.E. 106 ¶¶ 48-49, 93, 113). Whether the ownership of the asserted patents was transferred, therefore, is in Telebrands's mind, irrelevant to those claims. *Id.* Telebrands's myopic view of the pleadings aside (single paragraphs do not encompass the entirety of allegations per count), the success of Tristar's claims hinge, at least in part, on whether it "has, or had, exclusive licensing rights under the patents." Oral Op. Tr., 10:9-10. Part of that inquiry involves whether the Agreements are actually valid. *Id.*, 10:8-10. The Court will not disturb Judge Hammer's determination that the Agreements are relevant to these claims and agrees that they are "likely to shed light on the scope of the rights assigned to Telebrands, and the circumstances and timing of the assignments, relative to Ragner's purported termination of Tristar's licensing rights." *Id.*, 10:22-25. For good measure, the Court also notes that "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer*, 437 U.S. at 351.

Lastly, this Court is unpersuaded by Telebrands's argument that the Agreements contain sensitive financial and business information that makes disclosure disproportionate. '15 Reply at 7. Judge Hammer already addressed this, noting the confidentiality order is "sufficient to ensure that the disclosure of the agreements is made only as necessary." Oral Op. Tr., 11:15-19. Telebrands does not meaningfully argue that Judge Hammer abused his discretion in making such a determination; instead, it claims it has "every reason to doubt" that Tristar "will fully comply" with the confidentiality order. '15 Reply at 8. Below the belt attacks, such as calling its adversary "an overly litigious and pernicious competitor," '16 Appeal at 11, do not endear this Court to Telebrands's position and do nothing to address the issues before the Court. Accordingly, the Court will **AFFIRM** Judge Hammer's Order.

V.    **CONCLUSION AND ORDER**

**IT IS**, on this **17th** day of March, 2025;

**ORDERED** that Defendant's Appeals, No. 15-8185, D.E. 308, No. 16-3474, D.E. 282, are **DENIED**; and it is further

**ORDERED** that Judge Hammer's Order, No. 13-7752, D.E. 461, is **AFFIRMED**.

Evelyn Padin, U.S.D.J.